Mr. Scott L. Knox County Attorney Pasco County 4025 Moon Lake Road New Port Richey, Florida 33552
Dear Mr. Knox:
This is in response to your request for an opinion on substantially the following question:
 WHERE THREE COMMISSIONERS OF THE PASCO COUNTY BOARD OF COUNTY COMMISSIONERS MAINTAIN OFFICES IN A BRANCH COURTHOUSE, DOES THE BRANCH OFFICE CONSTITUTE THE OFFICIAL HEADQUARTERS OF SUCH COMMISSIONERS FOR PURPOSES OF s 112.061, F.S.?
You state that three commissioners of the Pasco County Board of County Commissioners maintain offices in a branch courthouse located in the western portion of Pasco County. The remaining two commissioners maintain their offices at the county seat, Dade City, located in the eastern portion of the county. According to your letter, the board of county commissioners ordinarily meets twice a month at the courthouse in Dade City, the county seat, and twice a month at the branch courthouse in the western portion of the county. See generally, s 125.001, F.S. (upon giving of due public notice, regular and special meetings of board of county commissioners may be held at any appropriate public place in the county). And see, s 125.01(1)(a), F.S. (governing body of county has power to set time and place of its official meetings).
This office has previously interpreted the provisions of s112.061, F.S., the uniform travel expense law, as authorizing reimbursement for travel expenses only for travel away from the official headquarters of the public officer or employee. See, e.g., AGO's 77-123, 76-56 and 74-132. Section 112.061(4), F.S., provides that the official headquarters of an officer or employee assigned to an office "shall be the city or town in which the office is located . . . ." And see, s 112.061(4)(a), recognizing an exception to the foregoing definition by stating in pertinent part that the official headquarters of a person located in the field shall be the city or town nearest to the area where a majority of his work is performed or such other city as may be designated by the agency head provided that such designation is in the best interests of the agency and not for the convenience of the person. Since the offices of three of the county commissioners are located in the branch courthouse, you inquire whether the branch courthouse constitutes the official headquarters of the three commissioners whose offices are located therein for purposes of s112.061.
From your letter it appears that the branch courthouse located in the western portion of Pasco County in which the three commissioners have established offices was established pursuant to Ch. 59-1715, Laws of Florida. See, Ch. 59-1715 which authorizes the board of county commissioners to "establish a court house annex in the western portion of Pasco County, Florida . . . and that when established that the same may be made available to all of the county officials of Pasco County, Florida for the carrying on and the conducting of the functions of their respective offices as services to the residents and citizens of such area . . . ." Under the 1885 Constitution, all county officers were required to hold their respective offices and keep their official books and records at the county seat. See, s 4, Art. XVI, State Const. 1885. And see, State v. Pinellas County, 36 So.2d 216 (Fla. 1948), concluding that a special act authorizing the construction of a county building outside the county seat for the accommodation of county officers and agencies did not violate the foregoing constitutional provision since the act disclaimed any purpose to remove county officers or records from the county seat in such a manner as to violate the Constitution, but rather sought to provide a county building at St. Petersburg where certain county agencies then operating there and certain county officers could offer an auxiliary service to the people of the county where all these agencies and offices could be collected under the same roof in the interests of economy and efficiency. See also, AGO 55-192 wherein this office stated prior to the enactment of Ch. 59-1715, Laws of Florida, that in the absence of authority by special act, the Pasco County Commission was not authorized to establish an annex in the county at another place than the county seat. Section 1(k), Art. VIII of the 1968 Constitution, provides:
 In every county there shall be a county seat at which shall be located the principal offices and permanent records of all county officers. The county seat may not be moved except as provided by general law. Branch offices for the conduct of county business may be established elsewhere in the county by resolution of the governing body of the county in the manner prescribed by law. . . . (e.s.)
While s 1(k), Art. VIII, authorizes the establishment of branch offices elsewhere in the county by resolution of the county's governing body, the section expressly provides that the principal offices of all county officers, which term includes county commissioners, must be located at the county seat. Moreover, while Ch. 59-1715, Laws of Florida, expressly provides for the establishment of a courthouse annex in the western portion of the county, the special act does not establish the courthouse annex as the office, principal or otherwise, or authorize offices for the individual members of the county commission.
In AGO 82-85 this office was asked to consider whether a board of county commissioners was authorized to designate the residence of a commissioner as his official headquarters for travel expense reimbursement purposes. This office concluded that the board was not authorized by constitutional or statutory law to designate a commissioner's residence as his official headquarters for purposes of s 112.061. While s 1(e), Art. VIII, State Const., states that the governing body shall be a board of county commissioners composed of five members and provides for the decennial division of each county into districts and for the election of one commissioner residing in each district by the electorate of the county, it does not purport to create any governmental administrative district or office or to vest in or grant any administrative function to the individual commissioners; rather s 1(e) operates to establish the board of county commissioners, not its individual members, as a noncharter county's governing body. And see, s 1(f), Art. VIII, State Const., vesting the power of self government of a noncharter county in the board of county commissioners; and s 125.01, F.S. Ordinarily the powers of such county boards must be exercised by them as boards and not as individuals and an individual member, unless expressly authorized by statute, cannot bind the county by his acts. See, 20 C.J.S. Counties s 87. And see, Kirkland v. State, 97 So. 502 (Fla. 1923); 20 C.J.S. Counties s 88 (county board ordinarily can act officially only when convened as board in legal session). I am not aware of any constitutional or statutory provision vesting in, granting to or imposing any discrete governmental duty or function on the individual members of the commission, nor am I aware of any statutory provision which requires separate offices for members of the county commission be maintained or located at the county seat or elsewhere. Since the members of the commission may act officially only as a body convened in legal session and at a legally authorized meeting place, the county seat at which the principal office of the board of county commissioners is located would necessarily seem to be the official headquarters of the constituent members for purposes of s 112.061. Cf., s 138.09, F.S., providing that upon establishment of a county seat by election, the board of county commissioners shall erect a courthouse and provide suitable offices for all the county officers who are required by law to keep their offices at the courthouse at the place so selected as the county seat; County of Volusia v. State, 417 So.2d 968, 969 n. 3, 970 (Fla. 1982). Compare, AGO 74-132 wherein this office stated that the official headquarters of a district court of appeal is that designated by law, s 35.05, F.S., and although the statute provided that the court could hold special terms at such times and places as it deemed necessary for the public interest and at least one special term every year in each judicial circuit wherein there was ready business to be transacted, neither the chief judge of the appellate district nor an individual judge could designate the city or residence of a particular judge as his individual official headquarters for the purpose of travel expense reimbursement under s 112.061.
Since it is my opinion that the official headquarters of the county commissioners for purposes of s 112.061, F.S., is the county seat where the principal office of the board of county commissioners is located and as this office has previously interpreted s 112.061, F.S., as authorizing the reimbursement for travel expenses only for travel away from the traveler's official headquarters, I am of the opinion that the three commissioners maintaining offices in the branch courthouse may not be reimbursed for travel expenses incurred while traveling to the county seat. All five commissioners, however, may be reimbursed for travel expenses incurred while traveling on county business away from the county seat. As this office stated in AGO 75-275, reimbursable travel mileage should be computed on the basis of the distance from the point of origin city (headquarters city) to the city of destination, if possible by using the mileage shown on the official map of the Department of Transportation, see, s112.061(7)(d)2., F.S. If the travel commences from the city in which the traveler resides and which is different from his official headquarters, then reimbursable travel mileage should be calculated on the basis of the shorter distance when he travels directly from his home to the place where the official duties are to be performed, whether this is the actual distance traveled from the city of residence or the constructive distance from the headquarters city to the point of destination. See also, AGO 77-123. Accordingly, I am of the opinion, until and unless judicially determined otherwise, that the official headquarters of the individual county commissioners for purposes of s 112.061, F.S., the uniform travel expense law, is the principal office of the board of county commissioners located at the county seat.
Sincerely,
Jim Smith, Attorney General
Prepared by: Joslyn Wilson, Assistant Attorney General